# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

EDWARD WALLACE )
#Y35961 )
      Plaintiff )
)
vs. )
) Case No. _____
KIM LARSON (WARDEN), ) (*The case number will be assigned by the clerk*)
DANVILLE CORRECTIONAL, )
WEXFORD, NURSE )
DARCEY, NURSE PRAC- )
TITIONER JASON, )
_____ )
_____ )
_____, )
)
      Defendant(s) )

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

[x] 42 U.S.C. §1983 (state, county or municipal defendants)

[ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

[ ] Other federal law: _____

[ ] Unknown _____

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

# I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: EDWARD WALLACE

Prison Identification Number: Y35961

Current address: 3820 EAST MAIN ST. DANVILLE, IL 61834

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: KIM LARSON

Current Job Title: PRISON WARDEN

Current Work Address: 3820 EAST MAIN ST DANVILLE, IL 61834

Defendant #2:

Full Name: WEXFORD

Current Job Title: _____

Current Work Address _____

Defendant #3:

Full Name: JASON

2

Current Job Title: NURSE

Current Work Address 3820 EAST MAIN ST DANVILLE, IL 61834

Defendant #4:

Full Name: DARCEY

Current Job Title: NURSE

Current Work Address 3820 EAST MAIN ST DANVILLE, IL 61834

Defendant #5:

Full Name: _____

Current Job Title: NURSE PRACTISION

Current Work Address 3820 EAST MAIN ST. DANVILLE, IL 61834

For additional defendants, provide the information in the same format as above on a separate page.

### III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?   Yes ☐   No ☑

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☑   No ☐


C. If your answer to B is yes, how many? __1__ Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number
   EDWARD WALLACE (Y35961) VS. TOM DART  CASE No. 20 C 1366

2. Basic claim made  FAILURE TO PROTECT

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?)  DISMISSED (ENTERED RECONSIDER MOTION)

For additional cases, provide the above information in the same format on a separate page.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.

A. Is there a grievance procedure available at your institution?  Yes ☑  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☑  No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed?  Yes ☐  No ☑
   GRIEVANCE WAS NOT RETURNED (ANSWERED) BY INSTITUTION.

4

# V. STATEMENT OF CLAIM

Place(s) of the occurrence **DANVILL CORRECTION**

Date(s) of the occurrence **1·2·21 - 1·3·21**

State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.

1. ON THE MORNING OF 12·19·20 I, EDWARD WALLACE #Y35961 WAS CONFIRMED POSITIVE IN RESULT OF 12·16·20 COVID-19 TESTING AND WAS MOVED FROM 1·D·18 (A LOWER GALLARY CELL) TO 1·A·54 (AN UPPER GALLARY CELL). LATE THAT EVENING I INQUIRED NURSE DARCEY ABOUT BEING EPILEPTIC AND BEING HOUSED ON UPPER GALLARY. SHE INSISTED THAT BEING EPILEPTIC THAT I DON'T HAVE TO BE HOUSED ON LOWER GALLARY. I ASKED FOR A LOWER GALLARY FOR SAFETY AND WAS DENIED AND ADVISED TO PUT IN SICK CALL THREE TIMES TO BE SEEN BY DOCTOR. I DID AS ADVIZED.

2. ON THE EVENING AND DATE OF 1·2·21 I WAS EXPERIENCING CHEST PAIN, SEVERE HEADACHES, DIZZINESS, AND SHORTNESS OF BREATH. I UTILIZED MY CELL'S EMERGENCY BUTTON AND RECEIVED A RESPONSE FROM PRISON SGT. RICHARDS WHO CALLED A MEDICAL CODE IN WHICH THE MEDICAL TEAM WAS LEAD BY HEAD NURSE DARCEY RESPONDED TO LIVING UNIT 1A. I REINFORMED THE MEDICAL TEAM OF MY CURRENT CONDITION AS

5

WELL AS MY UNDERLYING MEDICAL ISSUES, DIABETES, EPILEPSY, HYPERTENSION AND RECENT COVID-19 POSITIVE TESTING.

3. MEDICAL TEAM USED A STETHOSCOPE TO CHECK BREATHING AND FINGER CLAMP OXYGEN MONITOR. AFTER HEARING CONGESTION AND CHECKING OF OXYGEN, RECEIVING THROAT LOZENGERS AND TABLETS, I WAS TOLD TO RETURN TO CELL 54 UPPER GALLARY. THE DIZZINESS, SEVERE HEADACHES, CHEST PAIN, AND SHORTNESS OF BREATH HAD NOT SUBSIDED AFTER TAKING THE RECEIVED MEDICATION.

4. LATER THAT NIGHT OF 1·2·21 APPROX. 11PM I AGAIN UTILIZED EMERGENCY BUTTON AND CORRECTIONAL OFFICER (C/O) JOHN DOE RESPONDED AND I AGAIN EXPRESSED MY SYMPTOMS. I WAS ADVISED TO SIGN UP FOR SICK CALL IN THE MORNING.

5. THE MORNING OF 1·3·21 I AGAIN UTILIZED EMERGENCY BUTTON AND WAS NOT ANSWERED.

6. DURING LUNCH PASS-OUT I INFORMED OFFICER JOHN DOE OF MY SYMPTOMS AND WAS ADVISED TO SIGN UP FOR SICK CALL. I REMINDED HIM THAT WE WERE ON HIGH LEVEL LOCKDOWN. HE ASSURED ME HE WOULD BRING SICK CALL SHEET. HE DID NOT.

7. AFTER RESTING AND SHIFT CHANGE I INFORMED JANE DOE OF MY ONGOING SYMPTOMS AND WAS AGAIN ADVISED TO SIGN UP FOR SICK CALL WHEN NURSE ARRIVE FOR MED PASS.

8. DUE TO MY BEING AT HIGH RISK FOR COVID-19 AND IT'S UNKNOWING, UNSURE, AND UNCALCULATED SYMPTOMS AND

6

THE PRISON'S MEDICAL TEAM NOT PROPERLY FOLLOWING THE CDC AND IDOC HEALTH AND SAFETY AND MEDICAL CODES GUIDELINES AND PROCEDURES FOR PRISON INMATES AT MEDICAL HIGH RISK; THE EVENING OF 1·3·21 UPON MY DEPARTURE FROM MY CELL TO MED. PASS 8PM (APPROX) PROCEEDING DOWN TWO FLIGHTS OF METAL TIPPED CONCRETE STAIRS, MY DIZZINESS, CHEST PAIN, SEVERE HEAD ACHE, AND SHORTNESS OF BREATH INTENSIFIED AND RESULTED OF AN EPILEPTIC SEIZURE AND FALLING DOWN A FLIGHT OF STAIRS AND TAKEN TO DANVILLE HOSPITAL AND TRANSFERED TO CARLE HOSPITAL FOR TRAUMA.

9. RESULTING FROM THE FALL IS SEVERE SPINAL PAIN, ECHOING OF THE EARS, INTENSE BACK SPASMS, POSSIBLE NERVE DAMAGE TO NECK AND LOWER BACK AND DOUBLE VISION.

10. WHEN TAKEN INTO CONSIDERATION THE HIGH RISK FACTORS AND CONCERNS FOR MY UNDERLYING CONDITIONS AND TESTING POSITIVE FOR COVID-19 PUTS ME AT RISK, RESULTING IN A VIOLATION OF MY RIGHT TO A SERIOUS MEDICAL NEED, ESTABLISHING DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT AND A VIOLATION OF THE HEALTH AND SAFETY CODE AND PROCEDURES OF THE CDC AND IDOC POLICY AND PROCEDURES.

RELIEF REQUESTED

(State what relief you want from the court.)

$1,000,000 or what court deems fair.

JURY DEMAND    Yes ☑    No ☐

Signed this _____ day of _____, 20 21.

_____
( Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Edward Wallace | Y35961 |
| Address: 3820 E. Main St. Danville, IL 61834 | Telephone Number: |

8